UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Crim. No. 23-179 (JRT/LIB) |
| v. | **ORDER GRANTING IN PART, DENYING IN PART, AND DEFERRING IN PART PLAINTIFF'S AND DEFENDANT'S MOTIONS IN LIMINE** |
| SHUE MOUA, | |
| Defendant. | |

Albania Concepcion, Matthew David Evans, Michael Patrick McBride, and Nathan Hoye Nelson, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Plaintiff.

Robert A. Lengeling, **LAW OFFICE OF ROBERT A. LENGELING, PLLC**, 310 Fourth Avenue South, Suite 1050, Minneapolis, MN 55415, for Defendant.

A United States grand jury indicted Defendant Shue Moua on one count of possession with intent to distribute methamphetamine. (Indictment at 1, May 4, 2023, Docket No. 15.) In preparation for trial on April 8, 2024, both the United States and Moua filed various motions in limine. (Pl.'s Mot. in Lim., Mar. 18, 2024, Docket No. 66; Def.'s Mot. in Lim., Mar. 18, 2024, Docket No. 55; Def.'s 2nd Mot. in Lim., Mar. 19, 2024, Docket No. 67.) This Order addresses the admissibility of Deputy Nils Hansen's body worn camera footage from Moua's arrest, video evidence of a controlled buy, the jail call, and Moua's prior convictions. Upon *in camera* review, the Court will: (1) admit the portions of Deputy Hansen's body worn camera footage because the Court cannot discern any other voices

on the video; (2) defer judgment on the controlled buy video until the United States presents information connecting the text messages allegedly arranging the controlled buy and the video; and (3) admit the jail call as intrinsic evidence showing consciousness of guilt, but limit it to a 45-second window between time stamps 11:00-11:45.  The Court will exclude Moua's prior convictions due to their age and highly prejudicial nature.  The Court will decline to issue a ruling on the motions in limine that merely request the parties follow the law because it finds such a ruling unnecessary and is prepared to address those issues if they arise at trial.  Further, the Court will hear testimony and issue a separate ruling on Moua's 2nd motion in limine which challenges the United States' expert witness.

**I.     MOTIONS IN LIMINE**

The United States filed sixteen motions in limine and Moua filed six, most of which the Court addressed at the pretrial hearing or will defer judgment for trial in the event they become relevant.  (*See generally* Pl.'s Mot. in Lim.; Def.'s Mot. in Lim.; Def.'s 2nd Mot. in Lim.)  The only motions the Court addresses in this Order are the motions to exclude Deputy Nils Hansen's body worn camera footage of Moua's arrest, video evidence of a controlled buy, the jail call, and Moua's prior convictions.

**A.  BODY WORN CAMERA**

Moua moves to exclude any portion of Deputy Hansen's body worn camera footage from her arrest that includes hearsay statements from other officers who will not be testifying at trial.  She raises no other objections to the admission of Deputy Hansen's body worn camera footage.  In the clips the United States intends to use, the Court cannot

identify any statements besides those made by Moua and Deputy Hansen, aside from undiscernible police radio chatter. Without any discernable statements by others, Moua's hearsay concerns are mooted. As a result, the Court will deny Moua's motion.

### B. CONTROLLED BUY VIDEO EVIDENCE

The United States seeks to introduce a one-minute video of a controlled buy allegedly completed by Moua six days before her arrest as either intrinsic evidence or to show knowledge and intent under Federal Rule of Evidence 404(b). Most of the video depicts the chest of a person sitting in a car. Near the end of the video, a high-pitched voice can be heard outside the car window. A package is thrown onto the lap of the individual in the car, who then provides cigarettes to a person standing outside the car. At no time does the video show the person standing outside the car. The United States has indicated that the confidential informant seen in the video will not be testifying at trial.

The Court is inclined to admit the evidence of the controlled buy as intrinsic evidence because it would complete the story of Moua's charged offense and occurred just six days before her arrest. *United States v. Young*, 753 F.3d 757, 770 (8th Cir. 2014). However, it is only intrinsic if it is in fact Moua who participated in the controlled buy, which is not discernable from this video footage alone. The United States has submitted additional text messages between Moua and the confidential informant wherein they allegedly arranged the controlled buy in question. Without more information from the

United States directly connecting these text messages to the controlled buy, the Court will defer its ruling on the admissibility of the controlled buy video evidence.

### C.  JAIL CALL

The United States seeks to introduce a six-minute portion of an almost eighteen-minute jail call between Moua and a third-party to show consciousness of guilt. Moua argues the call should be excluded in its entirety because it is irrelevant and contains hearsay, but in the alternative, she argues the call should be limited to a 45-second clip. The Court reviewed the six-minute portion of the call the United States seeks to use. It includes discussion about Moua's relationship, the location of her dogs that were in the car during her arrest, whether she provided any names of others to officers during her arrest, and what she was doing when she was arrested. Much of this conversation is irrelevant and will be excluded under Federal Rule of Evidence 401.

The only relevant portion the Court identified is the 45 second clip from time stamps 11:00-11:45. This section of the call contains statements by Moua about the circumstances surrounding her arrest and charged offense. She describes driving to deliver the controlled substance to someone in repayment of a debt. Statements made after arrest that "express concern about the charges" are evidence of consciousness of guilt. *United States v. Bradley*, 924 F.3d 476, 483 (8th Cir. 2019). Evidence showing consciousness of guilt is intrinsic to the crime charged. *United States v. Frost*, 234 F.3d 1023, 1025 (8th Cir. 2000). Moua's description of her activities at the time of her arrest that specifically relate to the controlled substance discovered in the car is admissible to

show consciousness of guilt. Alternatively, this portion of the jail call is admissible under Rule 404(b) to show knowledge and intent. Fed. R. Evid. 404(b).

While there are comments by the other party on the call, the United States indicated it does not intend to introduce that person's statements for the truth of the matter asserted but rather to show consciousness of guilt and provide context. As such, the Court identifies no hearsay issues. If either party requests a limiting instruction concerning what the evidence can be used for, the Court will grant such a request. The Court will grant in part Moua's motion to limit the jail call to the 45-second clip identified above.

### D. PRIOR CONVICTIONS

The United States asks the Court to admit Moua's two prior controlled substance convictions from 2016. Federal Rule of Evidence 404(b) allows for introduction of these convictions to the extent they are used to prove intent, knowledge, and lack of mistake. But prior convictions under Rule 404(b) must be "more probative than prejudicial, and similar in kind and close in time to the charged offense." *United States v. Cook*, 454 F.3d 938, 941 (8th Cir. 2006). The Eighth Circuit has never articulated a specific number of years that makes a conviction too remote and instead instructs courts to apply a reasonableness standard. *United States v. Hardy*, 224 F.3d 753, 757 (8th Cir. 2000). Remoteness may be lessened when the defendant was incarcerated for a significant amount of time between the prior conviction and charged offense. *United States v. Radermacher*, 92 F.4th 743,

745 (8th Cir. 2024). Additionally, the Court must balance the probative value and prejudice as described in Federal Rule of Evidence 403. *Cook*, 454 F.3d at 941.

To ensure that the jury renders its decisions on the actual charges, and not these prior convictions, the Court will exclude the 2016 convictions during the United States' case-in-chief. These convictions are eight years old, Moua was not incarcerated for most or even a large portion of the time between those convictions and the charged offense, and the convictions pose a serious risk that the jury will decide the case on improper propensity evidence. *Cook*, 454 F.3d at 941–42 (affirming exclusion of prior conviction that was six years old); *see also United States v. O'Neil*, 839 F. Supp. 2d 1030, 1034–35 (S.D. Iowa 2011) (declining to admit evidence because of concerns the jury would decide guilt based on prior conduct). Should Moua decide to testify, the Court will revisit this decision and the usefulness of these convictions for impeachment purposes.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion in Limine [Docket No. 66] is **GRANTED in part, DENIED in part, and DEFERRED in part** as follows:

    a. Motions 1–8, 10–13, 15 will be deferred for trial;

    b. Motion 9 is granted and one case agent, Anthony Bastien, will be permitted to remain in the Courtroom during testimony;

    c. Motion 14 is denied as moot; and

    d. Motion 16 is granted but limited to the time stamps 11:00-11:45.

2. Defendant's Motion in Limine [Docket No. 55] is **GRANTED in part, DENIED in part, and DEFERRED in part** as follows:

    a. Motion 1 is granted to exclude Moua's prior convictions unless she testifies and deferred with respect to the controlled buy;

    b. Motion 2 is denied as moot;

    c. Motion 3 is granted and Deputy Nils Hansen is precluded from testifying that the Defendant had a condition called bruxism;

    d. Motion 4 is denied as moot; and

    e. Motion 5 is granted such that the jail call is limited to the time stamps 11:00-11:45.

DATED: April 5, 2024                                                   ____s/John R. Tunheim____
at Minneapolis, Minnesota.                                    JOHN R. TUNHEIM
                                                                                      United States District Judge